UNITED STATES FIDELITY & GUARANTY CO. v.
TWELFTH WARD BANK.

(Supreme Court, Appellate Division, First Department.   May 31, 1912.)

1. JUDGMENT (§ 711*)—CONCLUSIVENESS—PARTIES CONCLUDED.
   At defendant's request, the receiver of an insolvent corporation brought replevin against another company, and plaintiff at defendant's request executed the requisite bond for the safe return of the chattels.   The receiver sold the chattels, and the action was defeated, and recovery was had against plaintiff on the bond.   *Held*, that a judgment by the receiver against defendant on a special agreement that, if the receiver should be defeated in the replevin suit, defendant would pay a stipulated amount, was no bar to this action; the parties and the issues not being the same.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1232; Dec. Dig. § 711.*]

2. JUDGMENT (§ 711*)—CONCLUSIVENESS—MATTERS CONCLUDED.
   Proof that a third person had recovered against defendant in this action, the receiver, and the defendant in the replevin suit, is no bar to the maintenance of the action by plaintiff; it appearing from the judgment mentioned that defendant and the receiver were joint tort-feasors, and that the property involved was subject to a lien of the third person.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1232; Dec. Dig. § 711.*]

3. INDEMNITY (§ 15*)—RECOVERY—AMOUNT OF SECURITY.
   A creditor can take as many securities as he can get, the presumption being that they are cumulative, and so proof that a surety on a replevin bond, against whom a recovery had been had for the nonproduction of the replevied goods, was given an undertaking by a person other than the defendant, is no bar to the maintenance of an action against defendant, who induced plaintiff to execute the undertaking.
   [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–47; Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Action by the United States Fidelity & Guaranty Company against the Twelfth Ward Bank.   From a judgment overruling plaintiff's demurrer to defendant's answer, plaintiff appeals.   Reversed and remanded.

See, also, 141 App. Div. 928, 126 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Allan C. Rowe, of New York City, for appellant.
Tompkins McIlvaine, of New York City, for respondent

DOWLING, J.   The action is brought to recover the sum of $6,399.-50 upon the following state of facts: On June 30, 1902, in a matter pending in the City Court of New York, entitled "In proceedings supplementary to execution upon a judgment in an action entitled 'Twelfth Ward Bank v. Columbia Publishing Company,'" Eugene C. Gilroy was duly appointed receiver of the property and assets of the Columbia Publishing Company on motion of the defendant herein. The receiver duly qualified, and in that capacity, at the request of this defendant, brought an action in replevin in the Supreme Court, New

York county, against the Everson Hickok Printing Company and another, to recover certain chattels claimed to belong to the receiver. In that action on September 12, 1902, at this defendant's request and for its benefit, plaintiff herein executed an undertaking in the sum of $11,000, conditioned for the return of the chattels replevied, if possession thereof was adjudged to the defendant in said action, or in default thereof for the payment of any judgment against the plaintiff therein. Thereafter the sheriff of New York county replevied the chattels from the Printing Company, they were sold by the receiver, and the proceeds paid over by him to the defendant herein. No other property ever came into the receiver's possession. Thereafter the replevin action was tried and judgment entered in favor of the defendants therein. As the receiver could not return the property, final judgment was entered against him in the sum of $4,758.33, which he did not, and could not, pay, whereupon action was commenced against this plaintiff by the Everson Hickok Printing Company and another upon the undertaking, judgment was obtained by them against this plaintiff, and it was finally obliged to pay the sum of $6,399.50 thereunder.

[1] The second separate defense undertakes to set up as a bar to plaintiff's maintenance of this action the recovery of a judgment by the receiver against this defendant in an action brought in the City Court of New York. But that action was brought upon a special agreement claimed to have been made between the receiver and the Twelfth Ward Bank, by which the latter agreed that, if the former would pay over to it the sum of $1,000 out of the proceeds of the auction sale of the replevied chattels, it would return the same if it was finally determined that the owners of the chattels were entitled thereto. The complaint set forth that judgment had been entered in favor of defendants in the replevin action, but that the bank had returned $150, and no more out of the $1,000. The receiver recovered judgment for the full amount claimed. But it is apparent that the judgment in that action is not a bar to the present suit. The plaintiff herein was not a party to the City Court action, which was brought upon a special agreement to return a certain sum of money upon the happening of a certain event. The only undertaking referred to in that action was the receiver's bond in the sum of $1,000, for the faithful performance of his duties. No issue in the case at bar was directly or indirectly involved in that action, and it is without effect on the right to recover herein.

[2] The third defense sets forth the bringing of an action by Spencer Lathrop against the Twelfth Ward Bank, Eugene C. Gilroy, and Hickok Printing Company in the Supreme Court, Westchester county, upon assigned claims, to recover the damages sustained by reason of the sale in the replevin action of the chattels hereinbefore described, upon which his assignors held mortgages to secure an aggregate indebtedness of $3,605.51. In that action the plaintiff finally recovered judgment. But the present plaintiff was not a party to that action, and, so far as the parties therein were concerned, it established that the receiver and the present defendant were joint tort-feasors, the

latter upon the ground that it had instigated, conducted, and controlled the replevin action with a view to obtaining the benefit of the same, and it did in fact so benefit.

[3] The fourth defense is that the plaintiff demanded and secured from one Vincent C. King a written application for the issuance of the undertaking in replevin, by the terms of which he agreed to indemnify and save harmless the plaintiff from all loss, damages, and expense which it might sustain by reason of the undertaking, and that it also exacted and procured from said King an agreement of indemnity to the same effect, by reason whereof plaintiff waived any claim against the defendant. But there is no allegation King has ever paid anything on account of his indemnity, nor that plaintiff ever agreed to waive any claim against defendant. A creditor can take as many securities as he can get; the presumption being, in the first instance, that they are cumulative. Wesley Church v. Moore, 10 Pa. 273.

None of the defenses sought to be pleaded is sufficient, either by way of bar or of estoppel.

The judgment appealed from will therefore be reversed, with costs to appellant, and the demurrers to the second, third, and fourth defenses set up in the answer will be sustained, with costs. All concur.